*This opinion is subject to revision before final publication in the Pacific Reporter*

**2026 UT 25**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

OSCAR ALONSO NUNEZ,
*Appellant,*

*v.*

STATE OF UTAH,
*Appellee.*

No. 20240402
Heard January 26, 2026
Filed July 30, 2026*

On Direct Appeal

Fourth District Court, Provo
The Honorable Thomas Low
No. 220401908

Attorneys:

David Ferguson, Salt Lake City, for appellant

Derek E. Brown, Att'y Gen., Daniel L. Day, Asst. Solic. Gen.,
Salt Lake City, for appellee

JUSTICE NIELSEN authored the opinion of the Court, in which
JUSTICE PETERSEN, ASSOCIATE CHIEF JUSTICE POHLMAN,
JUSTICE JORGENSEN, and JUDGE HARRIS joined.

Before this case was decided, CHIEF JUSTICE DURRANT recused
himself from this case and JUSTICE HAGEN stepped down from the
court. JUSTICE JORGENSEN and COURT OF APPEALS JUDGE
RYAN M. HARRIS, having reviewed the briefs and listened to a
recording of the oral argument, substituted for

---

* As of January 31, 2026, "The Supreme Court consists of seven justices." UTAH CODE § 78A-3-101(1). Pursuant to Utah Supreme Court Standing Order No. 18, this court sat and rendered judgment in this matter as a division of five justices.

CHIEF JUSTICE DURRANT and JUSTICE HAGEN and participated fully in this decision.

JUSTICE DENT became a member of the Court after oral argument in this matter and did not participate.

———————

JUSTICE NIELSEN, opinion of the Court:

## INTRODUCTION

¶1 Oscar Alonso Nunez was convicted of various sexual abuse crimes, and his convictions were upheld on direct appeal. Nunez filed a petition for post-conviction relief, and the district court summarily dismissed his petition as procedurally barred. Nunez later got new counsel and requested leave to amend his petition under rule 65C(h)(3) of the Utah Rules of Civil Procedure. In his amended petition, Nunez added new claims for relief, but he filed the petition after the Post-Conviction Remedies Act's (PCRA) one-year statute of limitations had passed. The State moved to dismiss the amended petition as untimely, and the district court granted that motion. The district court concluded that Nunez's new claims did not satisfy the relation-back test of rule 15(c) of the Utah Rules of Civil Procedure and dismissed his amended petition as untimely.

¶2 The district court's dismissal was in keeping with our decision in *Noor v. State*, 2019 UT 3, 435 P.3d 221, in which we held that rule 15(c) applies to PCRA petitions. Nunez tries to get around this holding in three ways. First, he argues that rule 65C(h)(3) permits a post-conviction petitioner to add new claims, independent of rule 15(c). Second, he argues that our decision in *Patterson v. State*, 2021 UT 52, 504 P.3d 92, overruled *Noor*, giving district courts discretion to apply (or not) rule 15(c). Finally, he argues that the PCRA's time bar is unconstitutional.

¶3 We affirm the district court's order dismissing Nunez's post-conviction relief petition as untimely. We rejected his first argument in *Noor* and do so again here. We reject his second argument because *Noor* and *Patterson* are consistent with each other. And as in *Patterson*, we again uphold the constitutionality of the PCRA's time bar.

## BACKGROUND

¶4 A jury convicted Nunez of various child sexual abuse crimes. *See State v. Nunez*, 2021 UT App 86, ¶¶ 2, 19, 498 P.3d 458.

Nunez appealed his convictions, asserting ineffective assistance of trial counsel and insufficient evidence, among other claims. *Id.* ¶¶ 21–26. The court of appeals rejected his arguments and affirmed his convictions. *Id.* ¶¶ 74–75. We denied certiorari. *State v. Nunez*, 502 P.3d 270 (Utah 2021).

¶5 A year later, Nunez filed a petition for post-conviction relief, raising several of the same claims he raised on direct appeal. The district court determined on frivolousness review that because Nunez's claims had been "previously adjudicated" in his direct appeal, they were procedurally barred under rule 65C(h)(1) of the Utah Rules of Civil Procedure.[1] It dismissed the petition without ordering the State to respond.

¶6 Nunez got new counsel and moved to set aside the dismissal under rule 60(b)(4) of the Utah Rules of Civil Procedure. Nunez argued that he had been "deprived of notice of the [c]ourt's pending decision and an opportunity to be heard prior to the decision being finalized." The district court agreed with Nunez and granted his rule 60(b) motion, reinstating his petition.

¶7 Nunez then requested leave to file an amended petition to cure alleged "defects" and "technical errors" in his original petition; the district court granted that motion. Nunez then filed his amended petition.

¶8 The State moved to dismiss Nunez's amended petition as untimely. The State argued that Nunez filed his petition after the one-year statute of limitations had passed and that the new claims for relief did not relate back to the original petition under rule 15(c)(2) of the Utah Rules of Civil Procedure. Under this rule, an amendment to a pleading "relates back" to the date of the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted

---

[1] After receiving a post-conviction petition, a district court must first determine whether a petition is frivolous under rule 65C(h)(2) of the Utah Rules of Civil Procedure; if it is, the court dismisses the petition without ordering the State to respond. Under this rule, "[a] claim is frivolous on its face when, based solely on the allegations contained in the pleadings and attachments, it appears that" "the facts alleged do not support a claim for relief as a matter of law," "the claim has no arguable basis in fact," or "the claim challenges the sentence only and the sentence has expired prior to the filing of the petition." UTAH R. CIV. P. 65C(h)(2).

to be set out—in the original pleading." UTAH R. CIV. P. 15(c)(2). The State argued that "none of the reasons" supporting Nunez's ineffective assistance claims in the original petition "had anything to do with the reasons" supporting the ineffective assistance claims in the amended petition. For example, the State pointed to the original petition's assertion that trial counsel "fail[ed]" to request admission of a key witness's second interview, whereas the amended petition asserted that trial counsel was ineffective for failing to contest the admission of the same witness's first interview.

¶9   Nunez acknowledged that the claims in his amended petition were "admittedly quite different than" the claims in his original petition, but he argued that his amended petition should be considered timely for three reasons. First, under rule 65C(h)(3), a petitioner may request leave to amend his or her petition if "a claim is not frivolous on its face but is deficient due to a pleading error or failure to comply with the requirements of this rule." *Id.* R. 65C(h)(3). He thus argued that he was permitted to file an amended petition because rule 65C(h)(3) was a "savings clause" that allowed him to amend his original petition freely even if the added claims did not comply with rule 15(c)'s relation-back test.

¶10  Next, Nunez argued that rule 15(c)'s relation-back test was discretionary, not mandatory. Nunez argued that "the limitations on post-conviction petitions are no longer governed by the PCRA statute except to the extent that [this] Court has elected to continue to apply its provisions." (Citing *Patterson v. State*, 2021 UT 52, 504 P.3d 92.) Nunez acknowledged that we held rule 15(c) applies to post-conviction petitions in *Noor v. State*, 2019 UT 3, 435 P.3d 221, but he argued that "[i]n light of the relation back test's equitable nature . . . the mandatory application of the test in *Noor* no longer holds persuasive sway" in light of this court's holding in *Patterson* "that the legislature does not control the scope of PCRA actions."

¶11 Finally, Nunez argued that the one-year statute of limitations under the PCRA was unconstitutional. He argued, among other things, that the Open Courts Clause of the Utah Constitution "should be construed to bar the judiciary from closing [his] access to a remedy that he would be entitled to have received" at the state's founding—specifically, "some form of tolling" for the deadline of his amended petition. Nunez further argued that our decision in *Patterson* "invited future petitioners to raise new arguments on the same grounds" denied in *Patterson*, namely, that

the application of the PCRA's time bar constituted a deprivation of the petitioner's constitutional rights. (Citing *Patterson*, 2021 UT 52, ¶ 21.)

¶12 The district court granted the State's motion and dismissed the amended petition. In rejecting Nunez's claims, the district court first noted that Nunez did "not dispute" that the claims in his amended petition "are entirely different from those in his original petition and [did] not satisfy the requirements of rule 15(c)." Next, the court rejected, based on *Noor*, Nunez's argument that rule 65C(h)(3) allowed him to amend his petition regardless of rule 15(c)'s relation-back test. And the court rejected Nunez's argument that *Patterson* gave district courts the discretion to apply rule 15(c). The court concluded that "*Patterson* did not overturn *Noor* or otherwise eliminate the PCRA's limitations periods," and therefore, district courts do "not have discretionary authority to hear claims that are time-barred." Finally, the district court rejected Nunez's argument that the PCRA's time bar is unconstitutional. Construing Nunez's argument as a facial challenge to the constitutionality of the PCRA's time bar, the court explained that "facial challenges are not of the type anticipated by *Patterson*" and that "*Patterson* affirmed the time-bar restraints in the PCRA and in [r]ule 65C." The district court concluded that Nunez failed to show that the time bar's "application to his particular circumstances would violate any of his own constitutional rights."

¶13 Nunez timely appealed. We transferred the case to the court of appeals, *see* UTAH R. APP. P. 42(a), but the court of appeals suggested that we recall it, which we did.

## ISSUES AND STANDARDS OF REVIEW

¶14 Nunez challenges the district court's dismissal of his post-conviction relief petition. We "review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Kell v. State*, 2023 UT 27, ¶ 20, 541 P.3d 940 (cleaned up). In this appeal, Nunez challenges the district court's interpretation of our rules as well as the constitutionality of the PCRA. We review a district court's interpretation of a rule of procedure for correctness. *See Trapnell & Assocs. v. Legacy Resorts, LLC*, 2020 UT 44, ¶ 29, 469 P.3d 989 ("The interpretation of a rule of procedure is a question of law that we review for correctness." (cleaned up)); *Drew v. Lee*, 2011 UT 15, ¶ 7, 250 P.3d 48 (same). We also review a district court's decision as to the constitutionality of a statute for correctness. *See*

*Patterson v. State*, 2021 UT 52, ¶ 31, 504 P.3d 92 ("The interpretation and constitutionality of a statute are questions of law that we review for correctness." (cleaned up)).

## ANALYSIS

¶15 We begin our analysis by addressing Nunez's argument that rule 65C(h)(3) allows him to freely amend an untimely post-conviction petition. Next, we consider his argument that our decision in *Patterson v. State*, 2021 UT 52, 504 P.3d 92, provided district courts the discretion to apply rule 15(c)'s relation-back test. Finally, we address Nunez's constitutional challenge to his petition's dismissal. We reject each of Nunez's arguments and affirm the district court.

I. THE DISTRICT COURT CORRECTLY CONCLUDED THAT RULE 65C(h)(3) DOES NOT SUPERSEDE RULE 15(C)

¶16 Nunez first argues that rule 65C(h)(3) allows him to amend his post-conviction petition with new claims for relief, irrespective of the PCRA's statute of limitations and rule 15(c)'s relation-back test. We disagree.

¶17 The PCRA requires a petitioner to bring his or her claims for relief within one year after the cause of action accrues. *See* UTAH CODE § 78B-9-107(1). A petitioner may amend the petition after the one-year period has run, but to do so, the amendment must satisfy rule 15(c)'s relation-back test. *See* UTAH R. CIV. P. 15(c); *Noor v. State*, 2019 UT 3, ¶ 38, 435 P.3d 221.

¶18 Under rule 15(c), a party may amend a pleading to add new claims after the applicable statute of limitations has expired only if the new claims arise from the same "conduct, transaction, or occurrence set out . . . in the original pleading." UTAH R. CIV. P. 15(c)(2); *Noor*, 2019 UT 3, ¶ 38. In other words, the amended claims must "relate back" to the original pleading "if the amendment is to be effective." *Wilcox v. Geneva Rock Corp.*, 911 P.2d 367, 369 (Utah 1996) (interpreting a prior version of rule 15(c)). The relation-back doctrine of rule 15(c) exists to "allow[] a plaintiff to cure defects in his or her original complaint despite the intervening running of a statute of limitations," *Donjuan v. McDermott*, 2011 UT 72, ¶ 14, 266 P.3d 839 (cleaned up), but only where "the factual basis of the amended claim is sufficiently similar to the factual basis of the claim brought in the first case," *Noor*, 2019 UT 3, ¶ 49.

¶19 It is undisputed that Nunez filed his amended petition after the one-year statute of limitations had expired and that his

petition included claims that do not relate back to his original petition. But he argues that "[w]hile rule 15(c)'s relation back test generally applies to post-conviction petitions," we "should conclude that it does not apply" to his circumstance "because a more specific provision of [r]ule 65C governs his situation and freely allows amendments like the ones he made [in] his petition." He points to rule 65C(h)(3), specifically, which states that when a claim is "deficient due to a pleading error or failure to comply with the requirements of [rule 65C], the court shall return a copy of the petition with leave to amend within 21 days." UTAH R. CIV. P. 65C(h)(3). Nunez argues that this rule "allows him to amend his petition in any way that fixes a defective petition within the 21-day window," whereas rule 15 "governs any other amendments outside of the narrow window described by [r]ule 65C(h)(3)."

¶20 We rejected the same argument in *Noor,* 2019 UT 3, ¶¶ 20, 26, and do so again here. As we explained in *Noor,* "the legislature intended PCRA claims to be governed by all of the rules of civil procedure and that a court should make 'procedural' departures from the rules only when expressly called for in rule 65C." *Id.* ¶ 26. "Because rule 65C does not explicitly address new claims in amended petitions filed after the one-year statute of limitations, other rules of civil procedure, *including rule 15(c)*, should be used to fill in the gaps." *Id.* (emphasis added).

¶21 This result was consistent with our prior caselaw and with amendments to both the PCRA and rule 65C. *See Noor*, 2019 UT 3, ¶¶ 27, 29, nn. 22–25. "In light of [the legislature's] changes," it struck us in *Noor* as "highly unlikely that the legislature intended to grant a district court complete discretion to hear what would otherwise be time-barred claims in amended petitions filed after the limitations period had expired." *Id.* ¶ 32.

¶22 Rule 65C(h)(3) is not a blank check to amend a post-conviction petition in any way the petitioner wishes. *Id.*[2] The rule

---

[2] Nunez also argues that "a careful reading of [r]ule 65C(h)(3) and *Noor* reveal that [r]ule 15(c)'s relation back test does not apply in circumstances . . . where a court allows a petitioner to amend his petition to cure pleading errors." He tries to distinguish *Noor* from his case by arguing that the petitioner there amended his petition "after the petition had been served on the State, and therefore well after the procedures of [r]ule 65C(h)(3) would apply." But that is

(continued . . .)

is quite narrow; it requires a district court to "return a copy of the petition with leave to amend within 21 days" "[i]f a claim is not frivolous on its face but is deficient due to a pleading error or failure to comply with the requirements of this rule." UTAH R. CIV. P. 65C(h)(3). That is, under (h)(3), a petitioner can correct pleading or technical errors *on existing claims*. Adding new claims does not correct a "pleading error" or fix a technical defect.[3] Nunez's first argument fails.

## II. THE DISTRICT COURT CORRECTLY CONCLUDED THAT APPLYING RULE 15(c)'S RELATION-BACK TEST WAS NOT DISCRETIONARY

¶23 Nunez next contends that the district court wrongly concluded that rule 15(c)'s relation-back test must be applied. He argues that our decision in *Patterson v. State*, 2021 UT 52, 504 P.3d 92, gave district courts discretion in deciding whether to apply rule 15(c) to amendments like his. It did not.

¶24 In *Patterson*, we analyzed the constitutional history of habeas corpus in Utah, including the history and functions of the

---

not correct. After Noor served his original petition on the State, he obtained new counsel and requested leave to amend the petition because it was not "adequate." *Noor v. State*, 2019 UT 3, ¶ 12, 435 P.3d 221. The district court granted the request to amend, and Noor later argued that his amendments should be deemed timely because the court granted him leave under rule 65C(h)(3). *Id.* ¶ 14. Nunez, like Noor before him, makes the same argument that rule 65C(h)(3) gives him carte blanche to amend.

[3] Other courts have described pleading errors as things like naming the wrong officer in an organization or mislabeling a cause of action. *See, e.g.*, *Sackman v. Maritas*, 595 N.Y.S.2d 655, 656 (Sup. Ct. 1992) ("Thus, the use of the wrong officer in the title is a pleading error which does not affect jurisdiction and is correctable." (cleaned up)); *Mindel Residential Props., L.P. v. Russo*, No. 104947/06, 2008 WL 441923, at *2–3 (N.Y. Sup. Ct. Feb. 11, 2008) (permitting correction of plaintiff's ownership interest and noting the plaintiff's error in alleging a form of relief as a separate cause of action). And noncompliance with the rule's requirements could include things like failing to attach a required document. UTAH R. CIV. P. 65C(e). We have not addressed the full contours of what "pleading error" means or what technical failures are excusable, and we will not do so here. But whatever those things mean, they do not include adding new claims.

PCRA and rule 65C. *See id.* ¶¶ 66–194. Relevant to Nunez's argument, we addressed the intersection of the PCRA, rule 65C, and the judiciary's constitutional power to issue writs. *See id.* ¶ 174. We held that "the people of Utah gave the courts the power to issue writs," and "while the Legislature—and we—can regulate the procedures we use with respect to writs, neither the Legislature—nor we—can do so in a fashion that violates a petitioner's constitutional rights." *Id.* ¶ 4. With that principle in mind, we explained that "we exercise our writ power independent of the PCRA. But that independent exercise is largely hidden from view because Utah Rule of Civil Procedure 65C—which incorporates the PCRA—governs the exercise of that power. And we exercise that power in total harmony with the PCRA." *Id.* ¶ 174. We also clarified that "under the current version of rule 65C, we can only hear a time-barred case . . . when failure to do so would violate a petitioner's constitutional rights." *Id.* ¶ 194.

¶25 Nunez argues that, after *Patterson*, "the PCRA does not govern post-conviction proceedings because the authority to issue post-conviction relief is not in the hands of the legislature; it is squarely within the ambit of the judiciary." In Nunez's view, rule 65C "incorporates the PCRA by reference," but "it does not necessarily incorporate the legislative intent to make [r]ule 15(c) mandatorily applicable." He argues that because the "standard one-year limitation on actions continues to exist only because [r]ule 65C incorporates the PCRA's procedure into it . . . [i]f courts control the time limitation on [the] initial filing, then [r]ule 15(c) can be flexibly applied."

¶26 But *Patterson* did not abrogate rule 15(c)'s relation-back test as an impermissible procedural limitation on post-conviction petitions. *See id.* It did not overrule our holding in *Noor v. State*, 2019 UT 3, 435 P.3d 221, that district courts "lack[] discretion to allow new claims that do not meet rule 15(c)'s relation-back test after the limitations period ha[s] run." *Id.* ¶ 20. Nor did *Patterson* undermine our alignment with the PCRA; indeed, we reaffirmed that we have incorporated the PCRA through rule 65C—including the PCRA's one-year statute of limitation—and that we exercise our writ power "in total harmony with the PCRA." *Patterson*, 2021 UT 52, ¶ 174. Nunez's second argument fails.

III. THE PCRA'S TIME BAR IS NOT UNCONSTITUTIONAL HERE

¶27 Finally, Nunez goes after the PCRA's time bar itself, claiming that it violates the Open Courts Clause of the Utah

Constitution "because the rigidity of its application has interfered with his good faith efforts to expeditiously fix the errors of his original petition to include meritorious claims."[4] In support, he cites part of *Patterson v. State*, 2021 UT 52, 504 P.3d 92, in which we left "open the possibility that another petitioner, on another set of facts, might be able to demonstrate that the application of the time bars in the PCRA and rule 65C run afoul . . . of the Utah Constitution." *Id.* ¶ 212. Nunez argues that his case presents such a circumstance.

¶28　But to agree with Nunez, we would first have to reinstate the now defunct "interests of justice" exception to the PCRA's time bar. We decline to do so.

¶29　Nunez relies on *Julian v. State*, 966 P.2d 249 (Utah 1998), a pre-*Patterson* case, where we held that "proper consideration of meritorious claims raised in a habeas corpus petition will *always* be in the interests of justice," and thus "[i]t necessarily follows that *no* statute of limitations may be constitutionally applied to bar a habeas petition." *Id.* at 254. Nunez argues that when "*Julian* was decided, [this court] acknowledged that an 'interests of justice'

---

4 In his opening brief, Nunez asserts three constitutional violations, invoking the Suspension Clause, the Open Courts Clause, and the Due Process Clause of the Utah Constitution. UTAH CONST. art. I, §§ 5, 7, 11. But we focus on Nunez's Open Courts Clause argument for two reasons. First, in his reply brief, Nunez waived any due process challenge, stating that his "opening brief mentions due process in passing but his argument is a Suspension Clause one" and the "words 'due process' there should be construed as reflective of rights associated with the Suspension Clause." Second, throughout his briefing, Nunez's discussion of the Suspension Clause is sparse and at times conflated with his Open Courts Clause analysis. For example, Nunez briefly argues that an "interests of justice" exception, discussed in *Julian v. State*, 966 P.2d 249, 253–54 (Utah 1998), should be recognized under the Suspension Clause. But the analysis that follows focuses on that exception within the context of the Open Courts Clause. And he cites our discussion of *Julian* in *Patterson*, which occurred in the context of the Open Courts Clause. Indeed, *Julian* makes only a passing reference to the Suspension Clause. *Id.* at 253. Other than a few brief references to the Suspension Clause, Nunez's arguments center on the Open Courts Clause. We therefore limit our review to that specific constitutional challenge.

exception should apply to any time bar for habeas actions." (Citing *id.* at 254.) He argues that "[b]etween *Julian* and this case, the legislature took away any meaningful exception to the time bar without giving a meaningful replacement" in the PCRA. As a result, Nunez argues that "the time-bar [is] now re-housed in court rule," and therefore, "*Julian*'s 'interests of justice' exception (or a meaningful replacement) should find its way back to post-conviction procedure." If this exception is re-established, he argues that "his efforts to have his amended petition reviewed on its merits qualifies his for an 'interests of justice exception.'"

¶30 We rejected this very argument in *Patterson*, and we reject it again here for the same reasons. *See* 2021 UT 52, ¶¶ 200–04.[5]

¶31 Nunez insists—*Patterson* notwithstanding—that "'fairness and equality'" should be part of the Open Courts Clause analysis, and in that light, "the application of the strict time bar" on Nunez's claims "violates his right to an open court in light of all of his efforts to have the merits of his meritorious claims heard." (Quoting *Berry ex rel. Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 675 (Utah 1985).) Those efforts included getting his petition reinstated after an incorrect dismissal and promptly amending when given the chance. Because these circumstances are purportedly worse than other petitioners who have sought an exception to the time bar, he reasons, he must qualify for the exception.

---

[5] Indeed, we addressed the specific language in *Julian* upon which Nunez relies and explained that the petitioner in *Patterson* had failed to reconcile *Julian* with other Open Courts Clause cases. *Patterson v. State*, 2021 UT 52, ¶¶ 200–01, 504 P.3d 92. We explained that "[t]o determine whether legislation violates the Open Courts Clause, we first look to see whether the legislature has abrogated a cause of action," and we suggested that a challenge to a statute of limitation "does not pass even the first step of the Open Courts Clause analysis" because "the legislature has not 'abrogated' a cause of action by specifying a reasonable period of time after accrual during which the cause of action must be asserted." *Id.* ¶¶ 201–02 (quoting *Petersen v. Utah Lab. Comm'n*, 2017 UT 87, ¶¶ 9 n.7, 20, 416 P.3d 583).

We also rejected the argument that the PCRA or rule 65C contains an "egregious injustice exception" that had been discussed in our past cases. *See id.* ¶¶ 170–94.

¶32 But whether *Patterson*'s hypothetical exception is available turns not on how egregious the petitioner's circumstances are, but on whether the constitution was violated. *See Patterson*, 2021 UT 52, ¶¶ 192–94. And Nunez has not shown that the time bar has deprived him of a constitutional right in this case. Nunez's constitutional arguments assume that we would resurrect the "interests of justice" exception to the time bar, but we have declined to do so in *Patterson* and decline again here. And Nunez does not assert how he was at all prevented from asserting his claims within the allowed one-year time period. Nunez's third argument fails.

## CONCLUSION

¶33 We reaffirm that rule 15(c) of the Utah Rules of Civil Procedure applies to petitions for post-conviction relief, even where a district court grants a petitioner leave to amend a petition under rule 65C(h)(3). We also hold that the PCRA's one-year time bar, as well as rule 15(c)'s application to Nunez's petition in this case, are not unconstitutional for the reasons he asserts. Accordingly, we affirm the district court's dismissal of Nunez's amended petition.